**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4511

CIRO MARQUEZ CHAVEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-97-265)

Submitted: March 25, 1999

Decided: April 2, 1999

Before WILKINS and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joaquin Perez, THE CORAL WAY LAW CENTER, INC., Miami,
Florida, for Appellant. Walter C. Holton, Jr., United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ciro Marquez Chavez pled guilty to one count of conspiracy to distribute cocaine, see 21 U.S.C. § 846 (1994), and one count of using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c) (West Supp. 1998). He was sentenced to a term of 114 months imprisonment for the drug offense with a consecutive five-year sentence for the firearm offense. Chavez appeals his sentence, contending that the district court erred in considering drug amounts which were not charged in the indictment. We affirm.

Chavez was arrested after one of his customers, Greg Holt, became an informant and brought an undercover officer to Chavez. The officer bought 266.9 grams of cocaine from Chavez and a codefendant. Holt subsequently gave a statement describing his purchases of cocaine, marijuana, and methamphetamine from Chavez. He also testified at Chavez' sentencing hearing. Holt testified that he bought the equivalent, for sentencing purposes, of 1370 kilograms of marijuana from Chavez.* This amount produced a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1997) (1000-3000 kilograms of marijuana); USSG § 1B1.3(a)(2) (drug transactions which are part of the same course of conduct as the offense of conviction are considered in determining the sentence). Chavez admitted selling Holt amounts totaling 1061 kilograms of marijuana equivalent, which also produced a base offense level of 32. The district court determined that Chavez' base offense level was 32.

On appeal, Chavez argues that it is a violation of due process to

_____

*To determine the sentencing guideline range, different types of drugs are converted to marijuana equivalents. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.10) (1997).

2

hold him responsible for conduct which was not charged or proved and to which he has not pled guilty. The argument is without merit. Chavez pled guilty to participating in a drug conspiracy and was sentenced for that crime. The type and quantity of drugs is a sentencing factor which must only be proved by a preponderance of the evidence to comply with due process requirements. See United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990). In any case, Chavez admitted distributing the amount of drugs for which he was held responsible.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3